Dear Mayor Tallo:
We are in receipt of your request for an Attorney General's Opinion concerning Act No. 285 of the 2001 Regular Legislative Session. Act No. 285 enacts LA R.S. 42:5 (D), which reads:
 Except school boards, which shall be subject to R.S. 42:5.1, each public body conducting a meeting which is subject to the notice requirements of R.S 42:7 (A) shall provide an opportunity for public comment at such meeting, subject to reasonable rules, regulations, and restrictions as adopted by the public body.
You state in your opinion request letter that you and the city council are uncertain as to what action this statute requires the municipality to take and have requested specific direction as to how to comply with this statute. Specifically, you ask the following questions:
1. Does this statute require a separate public comment period?
 2. Does it only require comment on agenda items such as resolutions that did not previously require public comment?
The statute only requires that the public be afforded the opportunity to comment at meetings that are subject to LA R.S. 42:7 (A) notice requirements (i.e. open meetings of public bodies). The rules and regulations governing this comment period are to be established by each public body. Although there are no specific statutory requirements in structuring this comment period, the legislature did mandate that the rules, regulations, and restrictions be reasonable. Therefore, the specifications of how the comment period is to be implemented are left up to each public body.
In answer to your second question, it is the opinion of this office that the intent of this statute is to afford the public a right to comment on issues being discussed at each particular meeting. It is not intended to give the public a chance to address the council on issues unrelated to those being discussed at the meeting. Items subject to public comment include those items found on the agenda and items added to the agenda by the board during the meeting. Therefore, the public comment requirement of LA R.S. 42:5 (D), generally applies to agenda items only.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ ANDREW D. BENTON ASSISTANT ATTORNEY GENERAL